**SO ORDERED.**

**SIGNED this 05 day of December, 2008.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| THEODORE ADAM HAYWOOD | 08-06317-8-ATS |
| STACEY BERNAY HAYWOOD | |
| DEBTORS | |

**ORDER ALLOWING MOTION TO VALUE COLLATERAL
AND DETERMINE STATUS OF LIENS**

The matter before the court is the debtor's motion to value collateral and determine status of liens. A hearing took place in Raleigh, North Carolina on December 2, 2008.

Theodore Adam Haywood and Stacey Bernay Haywood filed a petition for relief under chapter 13 of the Bankruptcy Code on September 15, 2008. The debtors own a residence at 1010 Delta River Way, Knightdale, North Carolina. Ocwen Mortgage has a first and second deed of trust on the property, in the amounts of $250,989.46 and $65,081.67, respectively. Sallie Mae holds a third deed of trust in the amount of $18,500, and Widewaters Village Community Association, Inc., holds a lien for unpaid homeowners' association assessments in the amount of $2,383.19. The Haywoods seek to treat the claims of Sallie Mae and Widewaters as unsecured pursuant to 11 U.S.C. § 506 and In re Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993), and to have those creditors cancel their

liens on completion of the debtors' chapter 13 plan.[1] Widewaters objects to the motion, contending that its lien should not be stripped pursuant to Kidd, and that the debtors should be estopped from avoiding the lien because they continue to reside in the property and receive the benefits of the association.

Kidd provides that where the value of the property leaves a creditor totally unsecured, the lien may be avoided under § 506(d). The debtors and Widewaters agree that the value of the property is $285,000, and that the sum of the first and second deeds of trust is $315,000, leaving no equity to secure Sallie Mae or Widewaters. Widewaters first contends that this court should not follow its opinion in Kidd, but should instead adopt the reasoning of those courts that have held that the antimodification provisions of § 1322(b)(2) do apply to a wholly undersecured second mortgage or lien. The court declines to adopt a new rule. Kidd applies to this case, and because Widewaters' claim is an unsecured claim, its lien may be avoided. See also In re Bartee, 212 F.3d 277 (5th Cir. 2000).

The court does not find any basis to treat a homeowners' association lien any differently than any other lien, nor is it persuaded by the creditor's estoppel argument. If the property were liquidated at foreclosure, this claim would not be paid. Any policy considerations, such as the receipt of the association benefits while the debtors remain on the property, are resolved by the treatment of this claim as an unsecured priority claim going forward. The debtors agree that even if the claim is not secured, the homeowners' association must be paid postpetition.

---

[1] The debtors' motion also sought to avoid the second deed of trust held by Ocwen, but they did not appear to pursue the avoidance of this lien at the hearing, and the evidence did not support avoiding Ocwen's second lien.

Finally, Widewaters maintains that its lien is of higher priority than Ocwen's second lien, due to a provision in the Declaration of Protective Covenants for Widewaters Village Subdivision that provides

> The lien of the Association shall be superior to all other liens and encumbrances on such Unit, except for (a) liens for ad valorem taxes; (b) liens for all sums unpaid on a first priority Mortgage or deed to secure debt, or (c) a lien arising by virtue of any Mortgage in favor of Declarant which is duly recorded . . . .

Ex. 6 at 9. The applicable statute, however, provides that association liens shall be prior to all other liens except for real estate tax liens, and deeds of trust, mortgages, and other encumbrances recorded prior to the docketing of the association lien.[2] There is no dispute that the Widewaters lien was filed after both Ocwen deeds of trust and the Sallie Mae deed of trust. The statutes determine the lien priorities, and the unilateral declarations of a homeowners' association do not supersede the statutes. Accordingly, the Widewaters lien is behind the two Ocwen deeds of trust and the Sallie Mae deed of trust.

Based on the foregoing, the debtors' motion is **ALLOWED**. The claims of Sallie Mae and Widewaters Village Community Association, Inc. are unsecured claims and shall be classified as unsecured claims for the purpose of this bankruptcy case, and Sallie Mae and Widewaters Village Community Association, Inc. shall mark their liens satisfied upon completion of the debtors' chapter 13 plan and the granting of the debtors' discharge.

**SO ORDERED**.

**END OF DOCUMENT**

---

[2] At the hearing, the association gave the court a copy of the Unit Ownership Act, chapter 47A of the North Carolina General Statutes. The debtors cited to chapter 47F, the Planned Community Act. The court does not have information as to which statute governs the property in question, but the priority of liens provision in each gives priority to liens recorded before the docketing of the association's claim of lien. See N.C. Gen. Stat. §§ 47A-22(a); 47F-3-116(b).