UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                              CASE NUMBER:
THEODORE ADAM HAYWOOD                                               08-06317-8-ATS
STACEY BERNAY HAYWOOD                                               CHAPTER 13
      DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

      NOW COMES, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion.  In support of this Motion, the Trustee says unto the Court the following:

1.      That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on NOVEMBER 24, 2008 or has (have) supplied answers to written interrogatories;

2.      The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3.      There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4.      The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5.      The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: 1 MONTH @ $300.00; 6 MONTHS @ $500.00; 12 MONTHS @ $750.00; 12 MONTHS @ $1,250.00 PLUS A LUMP SUM PAYMENT FROM THE SALE OF PROPERTY LOCATED AT 1808 CHARLES STREET, RALEIGH, NORTH CAROLINA IN AN AMOUNT SUFFICIENT TO SATISFY THE REQUIREMENTS §1325(a)(4). The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full:  (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4).  The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court.  The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6.      The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). The Plan establishes the Unsecured Pool in this case as  $.  General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7.      In this case, it is necessary that general unsecured creditors receive an amount sufficient to satisfy the requirements of §1325(a)(4) (commonly known as the "liquidation test").  If a dollar amount is specified herein which pays less than all such claims in full, those holding such claims shall receive their *pro rata* portion of such amount.

8.      If an amount is specified in ¶ 6 which must be paid to general unsecured creditors, and if there is an amount specified in ¶ 7 which must be paid to general unsecured creditors, the larger of the two amounts shall be the amount distributed to unsecured creditors.

9.      Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before JANUARY 21, 2009 shall be disallowed.  Claims of governmental units, proofs of which are not filed before MARCH 16, 2009 shall be disallowed.

10.     Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law.  The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

11.     The claims of the following secured creditors shall be paid in the amount set out below.  The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan.  All adequate protection payments are applied to reduction of the principal amount of the creditor's claim.  With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief.  With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment."  The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date.  With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b).  If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor.  In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12).  Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection.  The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan.  Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.)  make determination of an exact monthly payment to be disbursed each month impossible.  The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 5- American General | 00 Plymouth | $1,853.95 - Secured | 7.00% int. within 32 months ($63.68 per mo.) |
| 6- Americredit | 01 Mercedes | $13,950.00 - Secured | 7.00% int. within 32 months ($479.16 per mo.) |
| | | $131.68 - Unsecured | See Paragraphs 5 & 7 |
| 7- Nuvell Credit | 04 Chevrolet | $9,250.00 - Secured | 7.00% int. within 32 months ($317.72 per mo.) |
| | | $13,531.59 - Unsecured | See Paragraphs 5 & 7 |
| 9- HSBC Bank | 1st Mortgage - 1010 Delta River | $250,989.46 | TO BE PAID DIRECT |
| 10- HSBC Bank | Arrears | $29,862.91 - Secured | Within 32 months |
| 31- HSBC Bank | Post-Petition | $12,490.91 - Secured | Within 32 months |
| 8- HSBC Bank | 2nd Mortgage - 1010 Delta River | $$65,081.67 | TO BE PAID DIRECT |
| 28- HSBC Bank | Arrears | $9,106.07 - Secured | Within 32 months |
| 12- Wake Co. Rev. | Property Tax - 1010 Delta River | $968.64 - Secured | 9.00% int. within 32 months ($34.16 per mo.) |
| 27- Santander | 02 Mazda | $2,103.29 | TO BE PAID DIRECT |

12.     The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| 11- Sallie Mae | Mortgage - 1010 Delta River | $18,500.00 - Unsecured SCHEDULED AMOUNT | Per Order dated 12/05/08. See Paragraphs 5 & 7 NO POC FILED |
| 13- Widewaters | HOA Dues - 1010 Delta River | $2,383.19 - Unsecured | Per Order dated 12/05/08 See Paragraphs 5 & 7 |

13.     The treatment of claim indicated in paragraphs 9 and 10 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

14.     The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|

NONE

15.     Priority claims shall be paid in full over the term of the Plan;

16.     That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

CASE NUMBER:    08-06317-8-ATS

17.    That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A).  Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

18.    That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00.  The Trustee recommends to the Court a fee of $3,000.00.  If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: March 18, 2009

   /s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 08-31-06

EXHIBIT "A"

NAME OF DEBTOR(S): THEODORE ADAM HAYWOOD          CASE NUMBER:  08-06317-8-ATS
STACEY BERNAY HAYWOOD

GROSS INCOME:

EMPLOYMENT:          Debtor:  The Body Shop                      $2,205
American Furniture Rental        $1,425

Spouse: Rex Healthcare                    $2,306

BUSINESS:                        NON-BUSINESS:  X

Prior Bankruptcy Cases: Yes:          No: X
If so, Chapter filed:        Disposition:

Real Property:  (Brief Description: Ex - H&L, mobile home, etc)
Description:        House & Lot - 1010 Delta River

| | | | |
|---|---|---|---|
| FMV | $245,000 | Date Purchased | |
| Liens | $329,531 | Purchase Price | $ |
| Exemptions | $   -0- | Improvements | $ |
| Equity | $   -0- | Insured for | $ |
| Rent | $   -0- | Tax Value | $ |

Tenants by Entirety:  Yes (X)          No ()

COMMENTS:

Description:        House & Lot - 1808 Charles (1/2 int.) - TO BE SOLD

| | | | |
|---|---|---|---|
| FMV | $75,000 | Date Purchased | |
| Liens | $   -0- | Purchase Price | $ |
| Exemptions | $ 5,000 | Improvements | $ |
| Equity | $32,500 | Insured for | $ |
| Rent | $   -0- | Tax Value | $ |

Tenants by Entirety:  Yes ()          No (X)

COMMENTS:

Description:        Burial Plots

| | | | |
|---|---|---|---|
| FMV | $5,000 | Date Purchased | |
| Liens | $   -0- | Purchase Price | $ |
| Exemptions | $   -0- | Improvements | $ |
| Equity | $5,000 | Insured for | $ |
| Rent | $   -0- | Tax Value | $ |

Tenants by Entirety:  Yes ()          No (X)

COMMENTS:

CONTINUED EXHIBIT " A"

<u>Attorney Fees:</u>
Requested:           $3,000 (excluding filing fee)
Paid:                $1,200 (excluding filing fee)
Balance:             $1,800

Trustee's Recommendation: $3,000
Comments:  William E. Brewer

<u>Plan Information:</u> After 341                                              <u>Payout % After 341</u>

| Total Debts | $120,299 | Pay in | $*(Approximate) | Priority 100% |
|---|---|---|---|---|
| Priority | $ 356 | Less 6% | $* | Secured 100% |
| Secured | $ 81,093 | Requested | | Unsecured* *% |
| Unsecured | $ 38,850 | Atty fee | $1,800 | Joint-0-% |
| Joint Debts | $ -0- | Available | $* | Co-Debts % |
| Co-Debtor | $ -0- | | | |

*See ¶5 & ¶7

Annual Review:          Yes: () No: (X)
Payroll Deduction:      (X) Yes ( ) No

<u>Objection to Confirmation:</u>      Yes ()    No (X)
Pending:
Resolved:

<u>Motions Filed:</u>    Yes () No (X)
If so, indicate type and status:

Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                          CASE NUMBER:
THEODORE ADAM HAYWOOD                                           08-06317-8-ATS
STACEY BERNAY HAYWOOD                                           CHAPTER 13
     DEBTOR(S)

NOTICE OF MOTION FOR CONFIRMATION OF PLAN

     John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

     Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

     If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before____APRIL 14, 2009____you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602

     If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

     Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| John F. Logan | THEODORE A. HAYWOOD | WILLIAM E. BREWER, ESQ. |
|---|---|---|
| Chapter 13 Trustee | STACEY B. HAYWOOD | 619 N. PERSON STREET |
| PO Box 61039 | 1010 DELTA RIVER WAY | RALEIGH, NC 27604-1213 |
| Raleigh, NC  27661-1039 | KNIGHTDALE, NC 27545 | |

     If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

     If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

     DATED:__March 18, 2009

                             /s/ John F. Logan
                           John F. Logan, Chapter 13 Trustee
                           PO Box 61039
                           Raleigh, NC  27661-1039
                           (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: THEODORE ADAM HAYWOOD                    CASE NUMBER:   0806317
DEBTOR 2 NAME: STACEY BERNAY HAYWOOD

I Robert J. Wallace, Jr. certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on 03/18/2009   :

Via Certified Mail:

HSBC BANK USA, N.A., ATTN:  MARTIN J. G. GLYNN, PRES., 1105 N. MARKET STREET, WILMINGTON DE  19801 -

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

WILLIAM E. BREWER, 619 N. PERSON STREET, RALEIGH NC  27604-1213,  -
AMERICAN GENERAL, 4112 PLEASANT VALLEY RD, SUITE 128, RALEIGH NC  27612 -
AMERICREDIT FINANCIAL SERVICES, INC., ATTN:  MANAGER OR REG. AGENT, PO BOX 183853, ARLINGTON TX  76096 -
AMERICREDIT FINANCIAL SERVICES, P.O. BOX 183853, ARLINGTON TX  76096,  -
AMERICREDIT FINANCIAL, ATTN: MANAGING AGENT, 4001 EMBARCADERO, ARLINGTON TX  76014 -
BANK OF AMERICA, BANKRUPTCY DEPT.,NC4-105-03-14, P.O. BOX 26012, GREENSBORO NC  27420-6012 -
BENEFICIAL, PO BOX 17574, BALTIMORE MD  21297,  -
CITIFINANCIAL, PO BOX 8019, SOUTH HACKENSACK NJ  07606-8019,  -
DELL FINANCIAL SERVICES, LP, c/o: RESURGENT CAPITAL SERVICES, PO BOX 10390, GREENVILLE SC  29603-0390 -
DELL FINANCIAL SERVICES, ONE DELL WAY-CP3, ATTN: CORRESPONDENCE, ROUND ROCK TX  78682 -
ECAST SETTLEMENT CORP, PO BOX 35480, NEWARK NJ 07193-5480,  -
ECAST SETTLEMENT CORPORATION, P. O. BOX 35480, NEWARK NJ  07193-5480,  -
GE MONEY BANK, C/O RECOVERY MGMT. SYSTEMS CORP., 25 SE 2ND AVE., STE. 1120, MIAMI FL  33131 -
HSBC BANK USA, N.A., as trustee on behalf of ACE SECURITIES C, OCWEN        ATTN: BANKRUPTCY, 12650 INGENUITY DRIVE ORLANDO FL  32826 -
INTERNAL REVENUE SERVICE, PO BOX 21125, PHILADELPHIA PA  19114,  -
KIMBERLY A. SHEEK, SHAPIRO & INGLE, L.L.P., 8520 CLIFF CAMERON DRIVE, STE. 300 CHARLOTTE NC  28269 -
LVNV FUNDING LLC,, RESURGENT CAPITAL SERVICES, PO BOX 10587, GREENVILLE SC  29603-0587 -
NC DEPT OF REV., OFFICE SVCS / BANKRUPTCY UNIT, PO BOX 1168, RALEIGH NC  27602-1168 -
NUVELL CREDIT COMPANY, LLC, ATTN:  MANAGER OR REG. AGENT, PO BOX 78367, PHOENIX AZ  78367 -
NUVELL CREDIT CORP., PO BOX 242510, LITTLE ROCK AR  72223,  -
OCWEN MORTGAGE, 12650 INGNUITY DRIVE, ORLANDO FL  32826,  -
OCWEN, ATTN: BANKRUPTCY DEPARTMENT, 12650 INGENUITY DRIVE, ORLANDO FL  32826 -
REX HEALTHCARE, P.O. BOX 60574, CHARLOTTE NC  28260,  -
SALLIE MAE, PO BOX 9500, WIKES BARRE PA  18773-9500,  -
SANTANDER CONSUMER USA, PO BOX 560284, DALLAS TX  75356-0284,  -
SPRINT NEXTEL, ATTN: BANKRUPTCY DEPARTMENT, PO BOX 7949, OVERLAND PARK KS  66207-0949 -
SPRINT NEXTEL, PO BOX 3326, 6855 S. DAYTON ST., DENVER CO  80155 -
TALIS MANAGEMENT, PO BOX 99149, RALEIGH NC  27624,  -
THEODORE ADAM HAYWOOD, STACEY BERNAY HAYWOOD, 1010 DELTA RIVER WAY, KNIGHTDALE NC  27545 -
VATIV RECOVERY SOLUTIONS, LLC, as agent for GREAT SENECA/PALISADES, PO BOX 19249, SUGAR LAND TX  77496 -
WAKE COUNTY REVENUE DEPARTMENT, ATTN:  MANAGER OR REG. AGENT, PO BOX 2331, RALEIGH NC  27602 -
WAKE COUNTY REVENUE, P. O. BOX 2331, RALEIGH NC  27602,  -
WAL MART, ATTN: MANAGING AGENT, PO BOX 530937, ATLANTA GA  30353 -
WIDEWATERS VILLAGE COMM. ASSOC., INC., c/o: NELSON HARRIS, 7320 SIX FORKS ROAD, SUITE 100 RALEIGH NC  27615 -
WILLIAM E. BREWER, 619 N. PERSON STREET, RALEIGH NC  27604-1213,  -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: 03/18/2009        Signature: _____ *Robert J. Wallace, Jr.* _____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134